# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV2317 HEA |
| ) | |
| JENNIFER JOYCE, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 9] and Plaintiff's Supplemental Motion to Remand, [Doc. No. 20]. Defendants St. Louis Board of Police Commissioners, Richard Gray, Jerry Lee, Thomas Irwin, Bettye Battle-Turner, Francis G. Slay, and Mark Lawson, (City Defendants), object to the Motions. For the reasons set forth below, the Motion to Remand is granted.

City Defendants removed this action on December 14, 2012 based on this Court's original jurisdiction over Plaintiff's Section 1983 action for alleged violations of Plaintiff's civil rights. On December 26, 2012, Plaintiff filed his "Filing of Objection to Extension of Time Request and Filing of Plaintiff's Motion to Remand, [Doc. No. 9]. In this pleading, Plaintiff objects to the removal because

Defendant Joyce did not consent to the removal on December 14, 2012. Defendant Joyce filed her Consent to removal on January 15, 2013, wherein she stated that she did not receive notice of the removal until January 11, 2013. On January 23, 2013, Plaintiff filed his Supplemental Motion to Remand, [Doc. No. 20].

City Defendants oppose Plaintiff's Motion to Remand for failure to timely object, citing Plaintiff's Supplemental Motion to Remand as the relevant pleading. A closer examination of the filings herein, however, reveal that Plaintiff's pleading on December 26, 2012 was indeed a Motion to Remand to which none of the defendants responded. This objection to the removal was timely filed.

Pursuant to 28 U.S.C. § 1446(b)(2)(A) provides:

When a civil action is removed solely under 1441(a), [original jurisdiction,] *all defendants* who have been properly joined and served *must* join in or consent to the removal of the action.

(Emphasis added).

Pursuant to 28 U.S.C. § 1447(c), provides, in pertinent part,:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction *must* be made within 30 days after the filing of the notice of removal under section 1446(a).

(Emphasis added). There is no dispute that Defendant Joyce was properly served at the time of the removal. Likewise, there is no dispute that Defendant Joyce did

not join in the removal or consent to the removal within 30 days after receipt of a copy of the initial pleading. While City Defendants attempt to avoid Section 1447(c), by arguing a timing defect, their argument is misplace by reason of the fact that Plaintiff filed his motion to remand on December 26, 2012, which was clearly within the 30 time requirement.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 9], is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the City of St. Louis, Missouri.

Dated this 9th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE